### 26807.   MURPHREE v. GARBEE.

SUBMITTED OCTOBER 12, 1971—DECIDED NOVEMBER 5, 1971.

*Frank M. Gleason,* for appellant.

GRICE, Justice. The father of two children appeals from a habeas corpus judgment awarding them to the mother. Litigation began when the mother, Sammie Murphree Garbee, filed suit in the Superior Court of Catoosa County against the father, Donald L. Murphree.

Her complaint alleged, insofar as essential to state here, the following: that she is a resident of Lynchburg, Virginia, and he is a resident of Catoosa County, Georgia; that the children are being illegally detained by him in Catoosa County; that she was awarded exclusive custody of them by a decree of the Circuit Court of Equity of Elmore County, Alabama, dated August 5, 1968; that he failed to return them within the time allowed by a subsequent temporary custody award of a Juvenile and Domestic Relations Court in Virginia; and that the children should be delivered to her.

The father filed an answer to this complaint in which he

denied its essential allegations. In addition, it made in essence the following allegations: that the decree of the Alabama court, referred to above, is null and void and of no effect, and was obtained by fraud, perjury and false representation of material facts to such court in that she alleged and swore that the father was a nonresident of Alabama and that his place of residence was unknown and could not be ascertained after reasonable and diligent efforts, when in fact she knew that he was residing in Tennessee, was corresponding with him and concealed from him the fact that she was then suing for divorce; that such Alabama decree should not be given full faith and credit for the above reasons; that she is an unfit person to have custody of the children because of stated immorality, habitual drunkenness, and neglect of them by her absence and causing one of them to require an operation; and also that because of the change of conditions which will seriously and permanently affect the children he refuses to return them to her and that he is entitled to their custody; and that the writ be denied.

Upon the hearing the mother introduced an authenticated copy of the Alabama decree of divorce and award of custody of the children to her. The husband objected upon the ground that the entire record upon which it is based was not attached. The trial court overruled the objection and admitted the decree.

The mother in her testimony denied that she made any misrepresentations in obtaining the Alabama decree above referred to. She also denied the husband's charges of her misconduct, neglect, mistreatment and unfitness.

The father submitted testimony for support of his charge of fraud in the procurement of the Alabama decree as aforesaid. He and his witnesses also testified that the mother had been guilty of the misconduct, neglect, mistreatment and unfitness. He introduced in evidence the entire proceedings upon which the Alabama decree was based.

Upon completion of the hearing the trial court entered an order awarding custody of the children to their mother.

The appeal is from that judgment. Enumerated as error,

in essence, are the following: that the court erred in admitting in evidence a copy of the Alabama decree without the record on which it was based; and erred in considering it in the award of custody made here because the evidence clearly showed it was obtained by fraud; that the court erred in awarding custody to the mother because the evidence showed that she was unfit and had neglected them in stated particulars and that the best interest and welfare of the children demanded that custody be awarded to the father.

As we appraise the questions involved in this appeal the judgment must be affirmed.

The evidence, while in sharp conflict, was sufficient for the trial court to decide that the children should be awarded to the mother.

The judgment did not ascribe any reason for the disposition but recited in material part only that "after hearing evidence thereon, it is hereby ordered, decreed and adjudged that [the children] be awarded to [the mother]."

Therefore regardless of whether the Alabama decree was improperly admitted in evidence without the proceedings, or whether it was void for fraud, since there was evidence to sustain the award to the mother, the judgment must stand.

*Judgment affirmed. All the Justices concur.*